## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

*Plaintiff(s)*

IRENE SHIFMAN

*Civil Action No.:*

vs.

*Defendant(s)*

NORTHSTAR LOCATION SERVICES, LLC,
(JOHN DOES, I-V fictitious individuals) and
ABC CORP., I-V (fictitious companies)

COMPLAINT AND DEMAND FOR JURY TRIAL

### COMPLAINT AND DEMAND FOR JURY TRIAL

Irene Shifman, Plaintiff in the above entitled and captioned matter, by way of Complaint against the Defendants respectfully demands Judgment of this Honorable Court against each Defendant, as follows:

### INTRODUCTION

1. This is an action for damages against all Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C.§ 1692, *et seq.* (hereinafter "FDCPA"). Plaintiff seeks actual damages, statutory damages, punitive damages, costs and attorney's fees pursuant to the FDCPA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C.§ 1692k (d), 28 U.S.C. § 1337, 28 U.S.C. § 1332. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202. Venue in this District is proper in that the conduct complained of occurred here and it is the district where Plaintiff resides. 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff, Irene Shifman is a natural person residing in Jersey City, NJ, Hudson County and a protected person, as defined in the FDCPA.

4. Defendants Northstar Location Services, LLC, John Does, I-V (fictitious individuals) and ABC Corp I-V (fictitious companies) are domestic and/or foreign corporations engaged in the business of collecting debts in this State.

5. Defendants Northstar Location Services, LLC, John Does, I-V (fictitious individuals) and ABC Corp. I-V (fictitious companies) are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. All Defendants are doing business in the State of New Jersey.

### REQUEST FOR TRIAL BY JURY

7. Plaintiff requests a trial by jury.

### REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

8. Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual, statutory and/or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FDCPA.

### REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

9. Plaintiff respectfully requests that this Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of FDCPA.

### GENERAL FACTUAL BASIS

10. Plaintiff, Irene Shifman, resides alone in Jersey City, New Jersey. Although she has family living in the general area, she has not resided with any family members in the last 14 years.

11. On March 5, 2010, the Defendants sent a collection letter to the Plaintiff at her address in Jersey City. The letter was properly addressed, including Plaintiff's apartment number, and received by Ms. Shifman.

12. Within seven (7) days of the date of the collection letter Ms. Shifman called Northstar Location Services, LLC. Plaintiff advised that she had received the letter dated March 5, 2010.

13. Nevertheless, on March 15, 2010, the Plaintiff's father received a telephone call at his office on his office telephone number asking for Irene Shifman. He

    advised that this was a business address and number, that Irene did not live there or with him, that she did not work there, and that this was not her number. The person then identified themself as a representative of Northstar Location Services, LLC and under the pretext of obtaining location information identified Northstar Location Services, LLC as a debt collector and disclosed that a debt was owed by Irene Shifman.

14. Mr. Shifman then called his daughter and advised her of the substance of the telephone call. The call made Ms. Shifman very upset.

15. Ms. Shifman immediately drafted a letter advising Northstar Location Services, LLC to cease and desist all communication with her and her family members. The letter, dated March 16, 2010, was sent via certified mail, return receipt requested.

16. Despite having confirmed Ms. Shifman's address and having been told that she had no connection to the New York City address and telephone number, Northstar Location Services, LLC prepared and mailed a collection letter to Irene Shifman at her father's New York City business address. The letter was dated four (4) days after they had spoken with Ms. Shifman's father and the same date that Ms. Shifman's letter was received by Northstar Location Services, LLC.

17. From March 15, 2010, through March 26, 2010, Northstar Location Services, LLC place numerous calls to her father's workplace, several calls per day, claiming each time that Irene had given them this address and number as her contact information.

18. In violation of the FDCPA, specifically 15 U.S.C. § 1692d(5), Defendants engaged in conduct the natural consequence was to harass and abuse the Plaintiff by causing her telephone to ring and engaging the Plaintiff in repeated telephone conversations with the intent to annoy, harass and abuse the Plaintiff.

19. In violation of the FDCPA, specifically 15 U.S.C. § 1692d(2), Defendants engaged in conduct the natural consequence was to harass and abuse the Plaintiff by causing using abusive language

20. As a result of these actions, Plaintiff has sustained actual damages, emotional distress and statutory damages.

21. All conditions precedent to the bringing of this action have been performed, waived or excused.

## COUNT I

### VIOLATION OF THE FDCPA BY DEFENDANT, NORTHSTAR LOCATION SERVICES, LLC, JOHN DOES, I-V OR ABC CORP. I-V

22. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 15 above.

23. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    The Defendants violated 15 U.S.C. §1692b by communicating debt information to third parties using the right to obtain location information as a pretext.

    The Defendants violated 15 U.S.C. §1692c(b) by communicating debt information to third parties without prior consent of the consumer.

    The Defendants violated 15 U.S.C. §1692c© by communicating regarding the debt after written notice to cease all communications.

    The Defendants violated 15 U.S.C. § 1692d(5) by engaging in conduct with the intent to annoy, abuse and harass Plaintiff.

24. As a result of the above violations of the FDCPA, the Defendants Northstar Location Services, LLC, John Does, I-V (fictitious individuals) and ABC Corp I-V (fictitious companies) are liable to the Plaintiff for declaratory judgment that their conduct violated the FDCPA, and for Plaintiff's actual damages, statutory damages, punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Northstar Location Services, LLC, John Does, I-V (fictitious individuals) and ABC Corp. I-V (fictitious companies) for declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for such; actual damages; statutory damages pursuant to 15 U.S.C. § 1692k; punitive damages; costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and for such other and further relief as may be just and proper.

**GREENBERG MINASIAN, L.L.C.**
Attorneys for Plaintiff Irene Shifman

Date: January 26, 2011

S/ William S. Greenberg
WILLIAM S. GREENBERG
GREENBERG MINASIAN, L.L.C.
80 MAIN STREET - SUITE # 450
WEST ORANGE, NJ 07052
(973)325-7711
Attorney ID No. (WSG-4659)